UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

GREENEVILLE DIVISION

| | | |
|---|---|---|
| ESTATE OF JOSEPH LOCKNER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | **2:19-CV-220** |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN WOODARD, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiffs filed a Motion for Default Judgment. [Doc 48]. This matter is before the Court pursuant to 28 U.S.C. § 636 for a report and recommendation. For reasons set forth below, the Court recommends denying the Motion and further recommends vacating the entry of default in this matter.

I. **Factual Background**

On December 17, 2019, Plaintiffs filed a Complaint alleging John Woodard and other prisoners participated in the violent beating of fellow inmate Joseph Lockner at Washington County Jail in Jonesborough, Tennessee. Mr. Lockner was later found dead in his cell on the night of December 17, 2018. Plaintiffs allege Mr. Lockner's death was the result of blunt force trauma sustained during the beating, noting the deceased was otherwise healthy. Plaintiffs assert Defendant Woodard's actions constitute common law assault and battery as well as wrongful death pursuant to Tennessee Code Annotated § 20-5-113. After the Complaint was filed, a summons

was issued and a return was ultimately filed following an extension of the period for service of the summons. [Docs. 2-8, 21]. The return indicates the summons was tendered via FedEx at Northeast Correctional Complex on September 8, 2020. [Doc. 21-1]. A tracking number issued by FedEx was listed on the proof of service form. *Id.* Thereafter, Defendant never filed an answer or otherwise responded to Plaintiffs' complaint. As a result, Plaintiffs filed an application for entry of default and submitted a supporting affidavit, after which a Clerk's Entry of Default was docketed. [Docs. 39, 41]. Notice of the Clerk's Entry was returned undeliverable as to Defendant Woodard. [Doc. 43].

Plaintiffs have now filed a Motion for Default Judgment [Doc. 48]. In an accompanying affidavit, Plaintiffs' counsel requests that the Court render default judgment against Defendant in the form of compensatory and punitive damages. [Doc. 48-1]. This matter has now been referred to the undersigned Magistrate Judge for review. [Doc. 52].

## II. Analysis

### a. Service Requirement

Rule 55(a) requires the Clerk of Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, a party may move the Court for entry of default judgment. Fed. R. Civ. P. 55(b). Here, Plaintiffs have filed an Application for entry of default in fulfillment of the requirements of Rule 55(a). [Doc. 39]. In response, the Clerk filed an Entry of Default in accordance with the Rules. [Doc. 41]. Plaintiffs now comes before the Court requesting default judgment pursuant to Rule 55(b).

For the Court to analyze and adjudicate this matter, Plaintiffs must have properly served process on Defendants against whom judgment is sought. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *see e.g. Walker v. Klise Mfg. Co.,* No. 3:18-CV-00477, 2020 WL 983087 (M.D. Tenn. Feb. 4, 2020), *report and recommendation adopted*, No. 3:18-CV-00477, 2020 WL 978682 (M.D. Tenn. Feb. 28, 2020). When service isn't proper, "the court must set aside an entry of default." *O.J. Distrib., Inc.*, 340 F.3d at 353 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)). Here, the Court must first determine whether service of process was adequate before it proceeds to a review of the default judgment motion. The burden of proving service rests with the Plaintiffs. *See Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *aff'd,* 917 F.3d 471 (6th Cir. 2019) (citing *Sawyer v. Lexington–Fayette Urban County Gov't,* 18 Fed.App'x. 285, 287 (6th Cir. 2001)). The Court therefore proceeds to an analysis of the adequacy of service.

Federal Rule of Civil Procedure 4(e) governs service of an individual within a judicial district in the United States. The provision provides that service may be accomplished by doing any of the following:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Here, Defendant Woodard was an individual living in the State of Tennessee at the time the instant case was filed; therefore, Plaintiffs could effectively serve process pursuant to subsection (e).

### b. Service pursuant to Rule 4(e)(1)

First, the Court considers what would be required for Defendant to be properly served under the laws of Tennessee where Defendant Woodard resided at the time and was purportedly served. Tennessee Rule of Civil Procedure allows service on an individual in the following manner:

> by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served.

Tenn. R. Civ. P. 4.04(1). Additionally, service in Tennessee may be completed by mail as follows:

> Service by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute. After the complaint is filed, the clerk shall, upon request, furnish the original summons, a certified copy thereof and a copy of the filed complaint to the plaintiff, the plaintiff's attorney or other authorized person for service by mail. Such person shall send, postage prepaid, a certified copy of the summons and a copy of the complaint by registered return receipt or certified return receipt mail to the defendant.

Tenn. R. Civ. P. 4.04(10). Tennessee code sets forth an additional method for service of process on an incarcerated person. Tenn. Code Ann. § 41-21-301; *see Wiseman v. Wal-Mart Stores, Inc.*, No. 4:06-CV-54, 2007 WL 9734345, at *1 n. 2 (E.D. Tenn. Apr. 9, 2007). Section 301 states "[p]rocess in a civil action against an inmate in the penitentiary may be served by the proper officer, in the presence of the warden or the assistant warden, and returned as in other cases." Tenn. Code Ann. § 41-21-301.

Here, Plaintiffs appear to have attempted service of process on Defendant Woodard by mail pursuant to Tennessee Rule of Civil Procedure 4.04(10). [Doc. 21-1]. Specifically, Plaintiffs sent

the summons via FedEx with delivery confirmed on September 8, 2020. *Id.* While Tennessee Rule of Civil Procedure 4.04(10) does not specify whether "mail" includes private package services such as FedEx or UPS, this Court must conclude that it does not. In reaching that conclusion, the Court looks to an adjoining provision, Tennessee Rule of Civil Procedure 4.05. Under that Rule, which governs service on persons outside the State of Tennessee, service with a return receipt is required, just like Rule 4.04. In Rule 4.05, the return receipt is specified as being from the United States Postal Service. Tenn. R. Civ. P. 4.05(5). While no reference to the United States Postal Service is contained in adjoining provisions of the Tennessee Rules, this Court construes the use of the word "mail" in Rule 4.04 to mean service completed through the United States Postal Service.

Even assuming, *arguendo*, Tennessee Rule of Civil Procedure 4.04(10) does permit use of a private package service, the Court still must consider the contents of a private equivalent to the U.S. Mail return receipt. Tennessee Rule of Civil Procedure 4.04(10) explains that

> [s]ervice by mail shall not be the basis for the entry of a judgment by default unless the record contains either: (a) a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute; or (b) a return receipt stating that the addressee or the addressee's agent refused to accept delivery, which is deemed to be personal acceptance by the defendant pursuant to Rule 4.04(11).

Tenn. R. Civ. P. 4.04(10); *see e.g. Deal v. Polk Cty.,* No. 1:03-CV-385, 2007 WL 951868, at *2 (E.D. Tenn. Mar. 28, 2007). In *Deal*, the Court concluded that service was not completed on a prisoner such that a judgment could be entered against him because the return receipt filed did not contain the defendant-inmate's signature and alternatively failed to comply with service under Tennessee Code Annotated § 41-21-301. Plaintiffs have provided no evidence that service was accomplished via either avenue in the instant action; therefore, even if the Tennessee Rules of

Civil Procedure permitted service by a private delivery entity, the Court must still conclude service was not accomplished pursuant to Federal Rule of Civil Procedure 4(e)(1).

### c. Service pursuant to Rule 4(e)(2)

Plaintiffs are also permitted to serve process by under options set forth in Federal Rule of Civil Procedure 4(e)(2). Plaintiffs' returned proof of service form explicitly sets forth each of the options in subsection (e)(2), provides a check box for the person serving process to select one of these options, and offers an alternative "other" check box which is presumably selected when service is completed pursuant to state law. The proof of service form indicates the alternative method of service was used [Doc. 21]; therefore, the Court concludes that service was not attempted pursuant to Federal Rule of Civil Procedure 4(e)(2).

### d. Lack of Service of Process

As set forth above, where service has not been completed, the Court must deny default judgment and set aside an entry of default. *See O.J. Distrib., Inc.,* 340 F.3d at 353. The Court must take this action because "[i]n the absence of 'proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant.'" *Boulger v. Woods*, 917 F.3d 471, 476 (6th Cir. 2019) (quoting *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012)). Here, because the Court has found service of process is lacking and no evidence of waiver of service is contained in the record, the Court concludes that it may not exercise jurisdiction over Defendant Woodard at this juncture. As such, the Court lacks authority to enter default or grant the instant Motion for Default Judgment.

### III. Conclusion

For reasons stated above, this Court concludes service of process has not been completed such that the Court may exercise personal jurisdiction over Defendant Woodard. As such, the Court **RECOMMENDS** that Plaintiffs' Motion for Default Judgment be **DENIED** and further **RECOMMENDS** that the Clerk's Entry of Default be set aside.[1]

RESPECTFULLY SUBMITTED,

s/ Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987)