UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

GREENEVILLE DIVISION

| | | |
|---|---|---|
| ESTATE OF JOSEPH LOCKNER et al., | ) | |
| | ) | |
| Plaintiffs, | ) | **2:19-CV-220** |
| | ) | |
| vs. | ) | |
| | ) | |
| WESLEY CLOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiffs filed a Motion for Default Judgment. [Doc 47]. This matter is before the Court pursuant to 28 U.S.C. § 636 for a report and recommendation. For reasons set forth below, the Court recommends denying the motion without prejudice.

I.  **Factual Background**

On December 17, 2019, Plaintiffs filed a Complaint alleging Wesley Clouse and other prisoners participated in the violent beating of fellow inmate Joseph Lockner at Washington County Jail in Jonesborough, Tennessee. Mr. Lockner was later found dead in his cell on the night of December 17, 2018. Plaintiffs allege Mr. Lockner's death was the result of blunt force trauma sustained during the beating, noting the deceased was otherwise healthy. Plaintiffs assert Defendant Clouse's actions constitute common law assault and battery as well as wrongful death pursuant to Tennessee Code Annotated § 20-5-113. After the Complaint was filed, a summons was issued and later returned executed. [Docs. 2-3; 8]. The proof of return indicates that Mike

Hayes personally served the summons on Defendant Clouse at the Washington County Detention Center, 114 W. Jackson Street, Jonesborough, Tennessee on March 13, 2020. [Doc. 2-3]. Thereafter, Defendant never filed an answer or otherwise responded to Plaintiffs' Complaint. As a result, Plaintiffs filed an application for entry of default and submitted a supporting affidavit, after which a Clerk's Entry of Default was docketed. [Docs. 22, 28]. Notice of the Clerk's Entry was returned undeliverable as to Defendant Clouse. [Doc. 29].

Plaintiffs have now filed a Motion for Default Judgment [Doc. 47]. In an accompanying affidavit, Plaintiffs' counsel requests that the Court render default judgment against Defendant in the form of compensatory and punitive damages. [Doc. 47-1]. This matter has now been referred to the undersigned for review. [Doc. 52].

**II.    Legal Analysis**

Rule 55(a) requires the Clerk of Court to enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise…." Fed. R. Civ. P. 55(a). Following the Clerk's entry of default, a party may move the Court for entry of default judgment. Fed. R. Civ. P. 55(b). Here, Plaintiffs have filed an Application for entry of default in fulfillment of the requirements of Rule 55(a). [Doc. 22]. In response, the Clerk filed an Entry of Default in accordance with the Rules. [Doc. 29]. Plaintiffs now comes before the Court requesting default judgment pursuant to Rule 55(b).

   *a.  Service of Process*

For the Court to analyze and adjudicate this matter, Plaintiffs must have properly served process on Defendants against whom judgment is sought. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003); *see e.g. Walker v. Klise Mfg. Co.,* No. 3:18-CV-00477,

2020 WL 983087 (M.D. Tenn. Feb. 4, 2020), *report and recommendation adopted*, No. 3:18-CV-00477, 2020 WL 978682 (M.D. Tenn. Feb. 28, 2020). When service isn't proper, "the court must set aside an entry of default." *O.J. Distrib., Inc.*, 340 F.3d at 353 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.,* 484 U.S. 97, 104, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987)). Here, the Court must first determine whether service of process was adequate before it proceeds to a review of the default judgment motion. The burden of proving service rests with Plaintiffs; therefore, the Court will first assess whether Defendant Clouse was properly served. *See Boulger v. Woods*, 306 F. Supp. 3d 985, 993 (S.D. Ohio 2018), *aff'd,* 917 F.3d 471 (6th Cir. 2019) (citing *Sawyer v. Lexington–Fayette Urban County Gov't,* 18 Fed.App'x. 285, 287 (6th Cir. 2001)).

Federal Rule of Civil Procedure 4(e) governs service of an individual within a judicial district in the United States. The provision provides that service may be accomplished by doing any of the following:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Here, Defendant Clouse was an individual living in the State of Tennessee at the time the instant case was filed; therefore, Plaintiffs could effectively serve process pursuant to subsection (e).

Plaintiffs undertook service of process pursuant to Federal Rule of Civil Procedure 4(e)(2). Under subsection (e), service may be completed by "delivering a copy of the summons and the complaint to the individual personally…." Fed. R. Civ. P. 4(e)(2)(A). Here, Plaintiffs' returned proof of service form explicitly sets forth each of the options in subsection (e)(2), provides a check

box for the person serving process to select one of these options, and offers an alternative "other" check box which is presumably selected when service is completed pursuant to state law. The proof of service form indicates that Defendant Clouse was personally served with the summons and complaint in this action by Mike Hayes on March 13, 2020. Accordingly, the Court concludes service was proper which in turn grants the Court jurisdiction to address the issue of whether entry of a default judgment is appropriate.

### b. *Default Judgment pursuant to Rule 54(b) and Rule 55(b)*

Having found that the Court may exercise its jurisdiction over Defendant Clouse, it must next consider whether entry of default judgment is appropriate. Rule 55(b)(2) empowers the Court to enter a default judgment. Fed. R. Civ. P. 55(b)(2). Before doing so, the Court must consider whether the "action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved. . . ." Fed. R. Civ. P. 54(b). If those circumstances are present, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." *Id*.

The common law has also long urged caution in granting a default judgment where one or more interrelated claims and/or defendants are pending. *See Frow v. De La Vega,* 82 U.S. 552 (1872) (warning against "unseemly and absurd" results that may occur in these circumstances). This longstanding barrier to immediate entry of default judgment, found in both in the Rules and in caselaw, reflects the "'preferred practice . . .'" of withholding the entry of "'default judgment until [a] trial . . . on the merits against the remaining defendants'" is held. *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000) (quoting *Exquisite Form Ind., Inc. v. Exquisite Fabrics of London,* 378 F. Supp. 403, 416 (S.D.N.Y.1974)); *see e.g.*

*Broad. Music Inc. v. Wheels, Inc.,* No. 1:07-CV-78, 2008 WL 1751522 (E.D. Tenn. Apr. 11, 2008). Courts favor this approach because it helps avoid "unseemly and absurd result of judgments entered both for and against similarly situated co-defendants on the same theories of liability and facts." *De'Mario Driver v. Fabish*, No. 3:13-CV-01087, 2017 WL 413719, at *2 (M.D. Tenn. Jan. 31, 2017), *report and recommendation adopted sub nom. Driver v. Fabish*, No. 13CV-01087, 2017 WL 998071 (M.D. Tenn. Mar. 15, 2017) (internal citations omitted). While *Frow* specifically dealt with joint liability, modern courts have not strictly limited the application of this wait and see approach to one liability scheme but have instead focused on ensuring uniform judgments when considering application of the wait and see approach. *Varilease Fin., Inc. v. EarthColor, Inc.,* No. 18-CV-11390, 2019 WL 1254035, at *3 (E.D. Mich. Mar. 19, 2019) (citing Jefferson v. Briner, Inc., 461 F. Supp. 2d 430, 435 (E.D. Va. 2006); *Shanghai Automation Instrument Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1006-07 (N.D. Cal. 2001)).

Here, not all Defendants against whom claims of assault, battery, and wrongful death are asserted ("inmate-defendants") are in default. For that reason, entry of a default judgment against Defendant Clouse would risk an inconsistent judgment as to the Defendants remaining for trial. With that concern in mind, the Court finds entry of default judgment against Defendant Clouse to be inappropriate at this juncture.

### III. Conclusion

For reasons stated above, this Court concludes entry of default judgment should be delayed until a final judgment resolving the claims brought against all inmate-defendants can be entered. As such, the Court **RECOMMENDS** that Plaintiffs' Motion for Default Judgment be **DENIED**

**WITHOUT PREJUDICE** to the refiling of the motion at such time that claims against the remaining inmate-defendants has been resolved.[1]

RESPECTFULLY SUBMITTED,

s/ Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987)